**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin A Osborn,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-24-00306-PHX-ROS<br><br>**ORDER** |

Petitioner Kevin A. Osborn ("Petitioner") currently incarcerated in the Arizona State Prison Complex in Buckeye, Arizona, has filed an amended *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending the Court deny the Petition for failing to demonstrate Petitioner is entitled to relief. (Doc. 29). Petitioner has filed timely objections. (Doc. 30). For the reasons that follow, the Court will adopt the R&R in full with additional analysis incorporated.

**I.    Factual Background**

Petitioner was convicted at a jury trial of two counts of manslaughter on June 12, 1997, in the Maricopa County Superior Court, and sentenced to two consecutive 15-year terms of imprisonment ("Count 1" and "Count 2") in the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") on August 22, 1997. (Doc. 4: 1-2; Doc. 22: Ex. A at 5-6.) The commission date of each offense is December 7, 1991. (Doc. 20-1 at 6.)

On February 22, 2024, Petitioner filed an amended Petition for Writ of Habeas Corpus (Doc. 4). Petitioner raises six grounds for relief arguing that imprisonment past his Earned Release Credit ("ERC) date is unlawful. In their answer, Respondents argue the Petition is procedurally deficient and rests on an incorrect interpretation and application of Arizona Law. (Doc. 22). On July 26, 2024, Magistrate Judge John Z. Boyle issued an R&R recommending the Petition be denied, dismissed with prejudice, and that a Certificate of Appealability and leave to proceed in forma pauperis be denied. (Doc. 29). Petitioner received a copy of the R&R on August 1, 2024, and filed timely objections within 14 days on Aug. 14, 2024. (Doc. 30).

## II. Analysis

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made, *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003), or where an objection merely repeats arguments raised in the habeas petition, *see Scott v. Shinn*, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021).

### A. Exhaustion

Petitioner's first objection claims the R&R falsely asserted he failed to exhaust his remedies in state court. (Doc. 30 at 1). The R&R declined to address the question of procedural default to address Petitioner's claim on the merits, so it is not necessary for the Court to address this objection.

### B. Grounds One and Two – Denial of Due Process

In grounds one and two, Petitioner challenges the denial of ERCs on Count 2 of his sentence as a violation of substantive and procedural due process. (Doc. 4 at 6-7). The R&R found Petitioner did not have a liberty interest in ERCs under the applicable state statute in 1991, so he was not denied due process and there is no evidence that ADCRR failed to comply with procedural requirements even if Petitioner held a liberty interest in ERCs.

(Doc. 29 at 10-12)

Petitioner's objections argue the R&R's due process analysis is faulty for relying on a series of allegedly wrongly decided or inapplicable cases to conclude Arizona state law did not provide a liberty interest in ERCs under the applicable state statute on the date of his offense in 1991. (Doc. 30 at 1-3).

Petitioner's arguments fail to reach the R&R's conclusion that there is no evidence that ADCRR failed to comply with procedural requirements even if Petitioner held a liberty interest in earning ERCs. The Court adopts the R&R with respect to grounds one and two.

**C. Ground Three – Equal Protection Violation**

In ground three, Petitioner argues the decision to deny ERCs based on his "criminal history" violates his right to equal protection. (Doc. 4 at 8). The R&R found Petitioner failed to demonstrate he has been intentionally treated differently from similarly situated inmates and does not identify similarly situated defendants released under the code in effect at Petitioner's sentencing. (Doc. 29 at 12-13).

Petitioner's objections argue the R&R misunderstands the group of prisoners Petitioner sought to compare himself to. (Doc. 30 at 3-4). While the R&R states, "new code prisoners are not similarly situated to Petitioner because the code is difference," Petitioner responds, "ARS codes for many years prior to 1986 are 'old code,' 1986-1993 are 'new code,' and 1994 and beyond are either 'truth in sentencing code' or 'community supervision' code." (*Id.* at fn. 1). Petitioner also contends the labeling of his claims as conclusory while denying his requests to discovery is error. (*Id.* at 3).

Petitioner's first objection warrants additional consideration by the Court. However, Petitioner still fails to provide more than conclusory allegations and meaningfully distinguish himself from other petitioners who committed offenses under his code that were not released. *See White v. Schriro*, 2007 WL 2410335, (D. Ariz. 2007), *aff'd*, 377 Fed. Appx. 618 (9th Cir. 2010); *Murray v. Ryan*, 2019 WL 9406452 (D. Ariz. 2019); *Sanchez v. Ryan*, 870 P.2d 1184, 1188 (App.1993). Regarding petitioner's discovery objection, conclusory allegations are not grounds for allowing access to federal discovery. *See*

*Calderon v. United States Dist. Court*, 98 F.3d 1102 (9th Cir. 1996) *quoting Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (footnotes omitted) ("federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief . . . . Conclusory allegations are not enough to warrant discovery under Rule 6 . . . ; the petitioner must set forth specific allegations of fact. Rule 6 . . . does not authorize fishing expeditions."), *cert. denied*, 131 L. Ed. 2d 137, 115 S. Ct. 1257 (1995).

Petitioner's objections thus fail to demonstrate he is entitled to relief. The Court adopts the R&R with respect to ground three with the additional analysis set forth above.

### D. Ground Four – Cruel and Unusual Punishment

In ground four, Petitioner argues that "incarceration beyond any legitimate release date is cruel and unusual punishment." (Doc. 4 at 9). The R&R found Petitioner is not contesting the sentences in his case and has not argued the sentences were disproportionate to his crimes, so Petitioner is not entitled to habeas relief on the Eighth Amendment claim. (Doc. 29 at 13). Petitioner's objection refers back to cases in his amended habeas petition (Doc. 4) and reply (Doc. 28), but fails to demonstrate he has received a sentence disproportionate to his crimes or that he has been incarcerated beyond his release date. Thus, the Court adopts the R&R on ground four.

### E. Ground Five – Double Jeopardy

In ground five, Petitioner argues a "violation of the double jeopardy clause" because his "sentence was set by the legislature [and] included the earning of ERC days, and ADOC has now increased Petitioner's sentence by magnitudes." (Doc. 4 at 10).

The R&R found Petitioner did not assert a claim under the Double Jeopardy clause because there is no constitutional right to be conditionally released before the expiration of a valid sentence. (Doc. 29 at 13-14). Petitioner's objection claims he has only asserted a liberty interest in release and not a constitutional right. (Doc. 30 at 5).

Petitioner's objection fails to demonstrate his is entitled to relief on double jeopardy. The Court adopts the R&R in full as to ground five.

### F. Ground Six – Ambiguous Laws

In ground six, Petitioner argues that several prison officials "avowed to Petitioner that he would be released on the 'ERC date' of his second sentence." (Doc. 4 at 11). Petitioner further asserts that the ERC statute must be vague and ambiguous if none of the officials knew his proper release date and that the "rule of lenity should be applied in his favor." (*Id.*).

The R&R found that the statute in question is not ambiguous and even if officials advised Petitioner that he would be released on his ERC date, the statutory authority to approve Petitioner's release unambiguously resided with the Director of the Department of Corrections. (Doc. 29 at 14).

Petitioner objects to the analysis for ignoring 1) the law cited in Petitioner's First Amended Complaint and Reply, 2) the interpretation of Petitioner's ERC time by Judges, lawyers, and ADOC officials, 3) the fact that denial of ERC releases to those under the new code is a creation of ADOC via department order, and 4) the fact that ADOC did not connect its theory on restricting these releases until five years after the statutory change. (Doc. 30 at 4-5).

Petitioner's objections fail to demonstrate the statute is ambiguous and that he is entitled to relief. Thus, the Court adopts the R&R as to ground six.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED.**

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 3) is **DENIED** and **DISMISSED WITH PREJUDICE.**

…

…

…

…

…

…

**IT IS FUTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of denial of a constitutional right.

Dated this 9th day of December, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge